WOODALL, Justice.
 

 Susan Staats-Sidwell, Glen Archibald, and Shelby County Treatment Center, Inc. (“Shelby”), petition this Court for a writ of mandamus directing the trial court to vacate the order it entered on August 11, 2008, in the derivative action filed against the petitioners by Robert White and Jake Bivona as shareholders of Northwest Alabama Treatment Center, Inc. (“Northwest”). We deny the petition.
 

 In their complaint, White and Bivona alleged that Staats-Sidwell and Archibald had breached their duties as directors of Northwest, by participating in the formation of Shelby, a competing facility. In separate counts, they sought to recover for violation of the corporate-opportunity doctrine, breach of fiduciary duty, unjust enrichment at the expense of Northwest, and violation of the Alabama Trade Secrets Act. White and Bivona requested both compensatory and punitive damages, as well as the imposition of a constructive trust in order to prevent unjust enrichment.
 

 On April 8, 2008, the trial court entered a partial summary judgment in favor of White and Bivona. In pertinent part, the trial court held that Staats-Sidwell and Archibald are liable to Northwest for breach of fiduciary duty and for breach of the corporate-opportunity doctrine. With regard to those causes of action, White and Bivona were “given leave to prove resulting damages at a later date.” The partial summary judgment did not address the unjust-enrichment claim or the trade-secrets claim. However, it did contain the following language regarding the imposition of a constructive trust:
 

 “3. The Court hereby imposes a constructive trust in favor of Northwest ... and against the shares of Susan Staats-Sidwell and Dr. Glen Archibald, in Shelby ..., which equal 30% of the outstanding shares of each entity, to aid in the recoupment of damages suffered by Northwest ... in connection with the foregoing breaches of fiduciary duty and of the Corporate Opportunity Doctrine
 
 *791
 
 by Defendants, Sidwell and Archibald, with leave to prove at a later date whether the other 70% stockholder ownership of Shelby ... should also be subject to a constructive trust.”
 

 On April 30, 2008, the petitioners filed a notice of appeal from the partial summary judgment.
 

 On May 2, 2008, the trial court entered an order enlarging the constructive trust to include Staats-Sidwell’s and Archibald’s shares in Northwest. The petitioners also filed a notice of appeal from that order. On August 4, 2008, this Court dismissed both appeals. The appeals were dismissed because the trial court had not purported to certify either order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., and, furthermore, because “it is well-established that a claim for which damages are sought is insufficiently adjudicated for Rule 54(b) purposes until the element of damages is resolved .... ”
 
 Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 362 (Ala.2004).
 

 On August 11, 2008, the trial court entered another order, stating, in pertinent part:
 

 “This Court has before it
 
 numerous motions and responses
 
 from both Plaintiffs and Defendants. In addition, Counsel for all parties were present at the August 4, 2008 status conference when
 
 oral arguments
 
 were entertained.
 
 In consideration of the above,
 
 the Court issues the following decision.
 

 “It is ordered that Plaintiffs, White and Bivona, and their agents shall have access to the Books and Records of Shelby. ... The items to be made available to the Plaintiffs shall be those items requested by Northwest ... in its April 23, 2008 letter to Mr. Frank Combs, President [of Shelby].
 

 “The Plaintiffs are instructed to advise the Defendants in writing as to what day they intend to begin their examinations.
 
 The Defendants have assured this Court that they have no desire to interfere with this process.
 

 “It is Ordered that within ten (10) days [Shelby] shall notify the Plaintiffs and this Court in writing of a date for a [Shelby] shareholder meeting to be held before NOON on August 29, 2008. [Shelby] shall place on the meeting’s agenda any items from the Plaintiffs received by noon on the date prior to the meeting.
 

 [[Image here]]
 

 “Finally, this Court’s Order of May 2, 2008, directing dividends from Northwest to Defendants, Sidwell and Archibald, to be paid to Earl N. Carter, Clerk of the Circuit Court remains in full effect. ...”
 

 (Emphasis added.) It is from this order that the petitioners seek mandamus relief.
 

 Petitioners seek relief from an order meant to resolve “numerous motions.” However, they have not furnished us with a copy of any of the motions. Indeed, the petition never mentions the motions. Consequently, the petitioners have failed to heed the requirement of Ala. R.App. P. 21(a)(1)(E) that “[c]opies of any ... parts of the record that would be essential to an understanding of the matters set forth in the petition” must be attached to the petition.
 

 According to the order, it was entered after the trial court had considered “numerous motions and responses,” as well as “oral arguments.” Not only have the petitioners failed to provide this Court with any information concerning the motions, if any, but they have also failed to provide any information concerning their responses to any motions or their arguments in the trial court, whether written or oral. These deficiencies are fatal to their peti
 
 *792
 
 tion, because, on mandamus review, “we look only to the factors actually argued before the trial court.”
 
 Ex parte Antonucci,
 
 917 So.2d 825, 830 (Ala.2005) (citing
 
 Ex parte Ebbers,
 
 871 So.2d 776, 792 (Ala.2003)). See also
 
 Ex parte Trawick,
 
 959 So.2d 51, 59 (Ala.2006) (the Court will not review an argument raised for the first time in a mandamus petition). For all that appears, the petitioners made no arguments relating to the issues resolved by the August 11 order.
 
 [1]
 

 For the foregoing reasons, the petition for the writ of mandamus is denied.
 

 PETITION DENIED.
 

 COBB, C.J., and SEE, STUART, and PARKER, JJ., concur.
 

 [1]
 

 . According to the order, the petitioners "assured” the trial court "that they have no desire to interfere with the [books-and-records review] process.” Thus, it appears that the petitioners’ arguments before this Court may, at least in part, be inconsistent with their position in the trial court.